# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Larry Pearsall, : 
         : 
         Petitioner : 
         : 
         v. : No. 875 C.D. 2017
         : Submitted: January 19, 2018
Pennsylvania Board of : 
Probation and Parole, : 
         : 
         Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                           **FILED:  March 1, 2018**

Before this Court is the petition of Larry Pearsall for review of the June 19, 2017 determination of the Pennsylvania Board of Probation and Parole (Board) affirming its decision mailed October 7, 2016 that recommitted him as a convicted parole violator and recalculated his maximum sentence date to August 16, 2018. Also before this Court is the application of David Crowley, Esquire, Chief Public Defender of Centre County (Counsel), for leave to withdraw as attorney for Pearsall. For the following reasons, we grant Counsel's application for leave to withdraw and affirm the Board's June 19, 2017 determination.

On February 21, 2012, Pearsall was released on parole from the State

Correctional Institution (SCI) at Rockview. (Certified Record (C.R.) at 6-12.) At that time, he was serving sentences totaling 3 years and 3 months to 8 years for criminal use of communications facility and escape and his maximum sentence date was November 17, 2016. (C.R. at 1-2, 6-7.) Pearsall was detained on a Board warrant on June 26, 2012 and was recommitted to an SCI as a technical parole violator for failure to comply with the requirement of his parole that he successfully complete his community corrections residency; no change was made to his maximum sentence date. (C.R. at 13-16, 22, 24-32.)

Pearsall was reparoled on October 7, 2013, but was detained on a Board warrant on December 3, 2013 and charged with technical parole violations consisting of failure to successfully complete the community corrections residency and possession of synthetic marijuana. (C.R. at 36-47.) From December 3, 2013 to February 4, 2014, he was held in a parole violation center with adjudication of the parole violation deferred for completion of recommended programming and with no change to his maximum sentence date. (C.R. at 44-46, 51.) Pearsall was released from the parole violation center on February 4, 2014, but absconded on April 16, 2014 and was declared delinquent. (C.R. at 53, 64.) Pearsall was detained on a Board warrant on July 5, 2014, following an arrest in New York, and was recommitted to an SCI as a technical parole violator, with his maximum sentence date extended by 80 days, to February 5, 2017, for the time period that he was delinquent prior to his detention. (C.R. at 54-66, 69-80.)

Pearsall was again paroled on February 17, 2015, but absconded on March 9, 2015 and was declared delinquent. (C.R. at 85-88, 95, 113-14, 167.) A criminal complaint was filed in Lackawanna County in May 2015, while he remained at large, charging him with receiving stolen property and unauthorized use

of a motor vehicle based on the allegation that he was driving a car that had been reported stolen. (C.R. at 96-101.) On September 22, 2015, Pearsall was detained on a Board warrant following an arrest on other charges in New York. (C.R. at 112, 167-68.) On April 1, 2016, he was extradited to Lackawanna County and was held in the Lackawanna County Prison on the charges of receiving stolen property and unauthorized use of a motor vehicle, because he was unable to post bail. (C.R. at 102-04, 114.) Pearsall pleaded guilty to the charge of unauthorized use of a motor vehicle on April 15, 2016 and, on July 6, 2016, was sentenced to 9 to 24 months imprisonment. (C.R. at 106, 109-10.) Prior to his sentencing, the Board recommitted Pearsall as a technical parole violator with his maximum sentence date extended by an additional 197 days, to August 21, 2017, for the time period from March 9, 2015 to September 22, 2015 that he was delinquent and remained at large. (C.R. at 148-51.) On May 11, 2016, Pearsall waived a parole revocation hearing on the charges seeking to recommit him as a convicted parole violator and admitted his guilty plea. (C.R. at 137, 139.) Based on that admission, the Board ordered Pearsall recommitted to an SCI as a convicted parole violator with a maximum sentence date of August 16, 2018. (C.R. at 140-47, 153-56.) The Board considered and denied credit for time at liberty on parole, noting: "Revoke street time: Continual absconding and criminal actions." (C.R. at 142.)

The Board notified Pearsall of this revocation and new maximum sentence date by decision mailed October 7, 2016, and Pearsall timely challenged the Board's decision by submission of an Administrative Remedies Form. (C.R. at 153-54, 159.) By determination mailed June 19, 2017, the Board concluded that Pearsall's maximum sentence date was properly calculated and affirmed its decision. (C.R. at 176.) Counsel timely filed a Petition for Review with this Court on

3

Pearsall's behalf. On November 21, 2017, Counsel filed his application to withdraw and a brief detailing his review of the case and the issues that Pearsall seeks to raise in this appeal.

Before this Court can consider the merits of the appeal, we must first address Counsel's application to withdraw and determine whether Counsel has satisfied the requirements that must be met before leave to withdraw may be granted. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010); *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).

When counsel for an inmate in an appeal from a decision of the Board seeks to withdraw on the ground that the appeal is frivolous or without merit, he or she must satisfy the following procedural requirements: (1) notify the inmate of his or her request to withdraw; (2) furnish the inmate with a copy of a sufficient brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter; and (3) advise the inmate of his or her right to retain new counsel or raise any new points deemed worthy of consideration by submitting a brief on his or her behalf. *Encarnacion v. Pennsylvania Board of Probation and Parole*, 990 A.2d 123, 125 (Pa. Cmwlth. 2010); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-25 (Pa. Cmwlth. 2009) (*en banc*). Where the inmate has a constitutional right to counsel, an *Anders* brief is required and withdrawal is allowed only if the appeal is wholly frivolous. *Hughes*, 977 A.2d 22-26. If there is not a constitutional right to counsel, counsel may satisfy his or her obligations by filing a no-merit letter, rather than an *Anders* brief, and the standard is whether the claims on appeal are without merit. *Seilhamer*, 996 A.2d at 42 n.4; *Hughes*, 977 A.2d at 24-26.

4

Here, there is no constitutional right to counsel and only a no-merit letter is required. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 n.2 (Pa. Cmwlth. 2013); *Seilhamer*, 996 A.2d at 42-43 n.4; *Hughes*, 977 A.2d at 25-26. Although Counsel filed an *Anders* brief, rather than a no-merit letter, his obligations are satisfied provided that his *Anders* brief contains all the information that must be included in a no-merit letter. *Miskovitch*, 77 A.3d at 70; *Seilhamer*, 996 A.2d at 42-43; *Hughes*, 977 A.2d at 26 n.4. A no-merit letter must set forth: (1) the nature and extent of counsel's review of the case; (2) each issue that the inmate wishes to raise on appeal; and (3) counsel's explanation of why each of those issues is meritless. *Miskovitch*, 77 A.3d at 69; *Seilhamer*, 996 A.2d at 43; *Hughes*, 977 A.2d at 26.

Upon review of Counsel's application and accompanying brief, it is clear that Counsel has satisfied both the procedural and the substantive requirements necessary to withdraw as counsel. With regard to the procedural requirements, Counsel: (1) notified Pearsall of his request to withdraw; (2) furnished Pearsall with a copy of Counsel's *Anders* brief; and (3) advised Pearsall of his right to retain new counsel and to raise any additional issues that Pearsall determines are worthy of review by this Court. Further, in his *Anders* brief, Counsel has set forth: (1) the nature of his review of the case; (2) the issues that Pearsall sought to raise; and (3) an explanation, citing relevant statutory and case law, as to why Counsel believes that each issue is without merit. Accordingly, this Court may grant Counsel's application to withdraw and proceed to the merits.

The only arguments that Pearsall has sought to raise are that the recalculation of his maximum sentence date is incorrect and that the maximum

5

sentence date violates his constitutional due process and double jeopardy rights. (C.R. at 159, 166-68.) We conclude that neither of these arguments has merit.[1]

Contrary to Pearsall's assertions, the Board accurately calculated his maximum sentence date. Under the Prisons and Parole Code, a recommitted convicted parole violator must generally serve the remainder of his sentence that he had not yet served at the time of his parole without credit for the time he has been at liberty on parole. 61 Pa. C.S. § 6138(a)(1), (2). Time spent at liberty on parole does not constitute service of a sentence of incarceration. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 846 (Pa. 1979) ("Mere lapse of time without imprisonment . . . does not constitute service of sentence") (quoting *Anderson v. Corall*, 263 U.S. 193 (1923)).

In cases such as this, where the crime committed while on parole is a non-violent offense and no parole to federal authorities for deportation is involved, the Board in its discretion may award credit against the original sentence for time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2.1); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017). The Board has broad discretion to grant or deny such credit, but must consider whether to award credit and provide a statement articulating its reason for granting or denying credit for time spent at liberty on parole. *Pittman*, 159 A.3d at 474-75 & n.12. Here, the Board fully complied with these requirements; it made a decision to deny credit and stated its reason for the denial, Pearsall's repeated absconding while on parole. (C.R. at 142.) There is therefore no error in the Board's denial of credit for the time that Pearsall was at liberty on parole. Indeed, Pearsall did not challenge the Board's

---

[1] This Court may reverse the Board's determination only where necessary findings are not supported by substantial evidence, an error of law was committed, or constitutional rights of the parolee or administrative procedures were violated. *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 764 (Pa. 2017).

6

reason for this denial of credit in his request to the Board for administrative relief. (C.R. at 159, 166-68.)

At the time that Pearsall was first paroled on February 21, 2012, his maximum sentence date was November 17, 2016. (C.R. at 1, 6-7, 9.) The record shows that he was on parole and not incarcerated for the following four periods: February 21, 2012 to June 26, 2012 (126 days), October 7, 2013 to December 3, 2013 (57 days), February 4, 2014 to July 5, 2014 (151 days), and February 17, 2015 to September 22, 2015 (217 days). (C.R. at 9, 13-14, 39, 43-45, 60, 64, 85, 112, 114, 167-68.) These 551 days were all therefore properly added to Pearsall's maximum sentence date of November 17, 2016, given the Board's denial of credit for the time that he was at liberty on parole. *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 598-600 (Pa. Cmwlth. 2011) (*en banc*) (credit against convicted parole violator's original sentence is properly denied for all periods of liberty on parole, not merely the period of parole during which the new crime was committed); *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007) (same).

In addition, although Pearsall was in custody on the Board's warrant from September 22, 2015 until he was sentenced on his new conviction on July 6, 2016, from at least April 11, 2016 to July 6, 2016 (86 days), he was also held on that new criminal charge because he did not post bail. (C.R. at 102-04, 109-10, 112.) A convicted parole violator is entitled to credit against his original sentence for periods during his parole that he has been in custody solely on the Board's warrant. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980); *Armbruster*, 919 A.2d at 352. He is not, however, entitled to credit against his original sentence for periods during which he was held both on the Board's warrant

7

and on new criminal charges for which he has not satisfied bail requirements; instead, that period of detention is credited against the sentence on the new charges and does not constitute service of the original sentence. *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 764-71 (Pa. 2017); *Gaito*, 412 A.2d at 571; *Armbruster*, 919 A.2d at 352. A convicted parole violator receives credit against his original sentence for periods that he was held on both a Board warrant and other criminal charges only where he cannot receive credit against a sentence on the new charges because he was not convicted or received a sentence of imprisonment shorter than the time that he was in custody. *Smith*, 171 A.3d at 764-71; *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 308-09 (Pa. 2003); *Armbruster*, 919 A.2d at 354-56. Because Pearsall was convicted on the new charge and his sentence for that offense, 9 to 24 months imprisonment, exceeds the 86-day period when he was held on both the Board's warrant and the new charge, that period is credited to his new sentence and does not constitute service of his original sentence.

The 551 days that Pearsall was not incarcerated and the 86 days that he was held on both the Board's detainer and the new charge together total 637 days. Adding these 637 days to Pearsall's previous maximum sentence date of November 17, 2016 results in a maximum sentence date of August 16, 2018. Accordingly, there is no error in the Board's extension of Pearsall's maximum sentence date to August 16, 2018.

Pearsall's claim that the Board's extension of his maximum sentence date violated his constitutional rights likewise fails. Extension of a maximum sentence date by periods that an inmate was on parole and not incarcerated solely on the Board's warrant does not violate the inmate's federal or state constitutional due

8

process rights or any constitutional protections against double jeopardy. *Gaito*, 412 A.2d at 570; *Young*, 409 A.2d at 847 & n.8; *Monroe v. Pennsylvania Board of Probation and Parole*, 555 A.2d 295, 296 (Pa. Cmwlth. 1989). Indeed, the constitutional protections against double jeopardy do not apply to parole revocation proceedings because such proceedings are not part of a criminal prosecution. *Rivenbark v. Pennsylvania Board of Probation and Parole*, 501 A.2d 1110, 1112-13 (Pa. 1985); *Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989).

Moreover, the Board did not count any of the periods that Pearsall was at liberty on parole more than once in computing his maximum sentence date of August 16, 2018. Prior to its recommitment of Pearsall as a convicted parole violator, the Board had extended his maximum date to August 21, 2017, a total of 277 days, based on the 80-day period from April 16, 2014 to July 5, 2014 that he had been delinquent while out on parole and the 197-day period from March 9, 2015 to September 22, 2015 that he was again delinquent while out on parole. (C.R. at 80, 151.) The extension of Pearsall's maximum date to August 16, 2018 upon his recommitment as a convicted parole violator, however, extended his sentence only 360 days beyond August 21, 2017, 277 days less than the 637 days that Pearsall had been on parole and not detained solely on the Board's warrant.

For the foregoing reasons, we grant Counsel's Application to Withdraw and affirm the Board's June 19, 2017 determination.

_____
**JAMES GARDNER COLINS, Senior Judge**

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Larry Pearsall,                                  :
                                                 :
                    Petitioner                   :
                                                 :
          v.                                     : No. 875 C.D. 2017
                                                 :
Pennsylvania Board of                            :
Probation and Parole,                            :
                                                 :
                    Respondent                   :

# **O R D E R**

AND NOW, this 1st day of March, 2018, the application to withdraw as counsel filed by David Crowley, Esquire, Chief Public Defender of Centre County, in the above-captioned matter is hereby GRANTED. The June 19, 2017 determination of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**